**THE CONSTELLATION.**

No. 15258.

District Court, E. D. New York.

Sept. 28, 1937.

Crowell & Rouse, of New York City (E. Curtis Rouse, of New York City, of counsel), for libelant.

Barber, Matters, Gay & Vander Clute, of New York City, for N. G. L. Corporation.

Louis Kaye, of New York City, for claimant.

MOSCOWITZ, District Judge.

These are three applications for the following relief: First, "For an order directing the Clerk of this Court to issue a venditioni exponas to the United States Marshal for this district directing him to sell the said vessel as perishable"; second, "For an interlocutory decree in favor of the libelant, with order of reference to compute the amount due, or in the alternative for an order directing the immediate trial of this suit"; third, for a hearing on

the exceptions of libelant to the answer of the claimant.

The libelant, a seaman, filed a libel for wages from November 1, 1936, up to date. He has been employed as a seaman on the schooner Constellation and makes a further claim for supplies and repairs to the vessel.

The claimant, the owner of the vessel, has filed an answer, but no. stipulation for value.

Libelant was employed under the following agreement:

"New York, N. Y. February 23, 1937
"Captain Alvin Loesche
"Schooner Constellation
"New York Harbor, N. Y.

"Dear Captain Loesche:

"In consideration of the fact that I have not been able to get a dock for the Schooner Constellation for the winter, I agree to pay you as Shipkeeper of said Schooner $175.00 (one hundred seventy-five Dollars) per month for the period of three months, namely December 1936, January and February 1937.

"The wages are to be adjusted again after February 28, 1937 through a new agreement at no less than $125.00 (one hundred twenty-five Dollars) per month while the Constellation is not in commission.

"Very truly yours,
"(Willard D. Rockefeller)
"(Sgd.) W. D. Rockefeller."

The Constellation is a wooden vessel built in 1918, having an approximate length of 187 feet, and of 1,045 gross tons register, and is at anchor off Red Hook, New York Harbor. The libelant, in attending her, has taken care of her engines, pumps, and lights, and is performing the necessary duties of one attending a boat.

■ The Constellation has been at anchorage since the winter of 1936–37. She is in an exposed position and requires repairs; otherwise she will be further damaged. A sufficient case has been made for her immediate sale as is provided by U. S. Admiralty Rule 11 (28 U.S.C.A. following section 723), which in part provides: "In all cases where any goods or other things are arrested, if the expense of keeping the same is excessive or disproportionate, or if the same are perishable, or are liable to deterioration, decay, or injury, by being detained in custody pending the suit, the court may, on the application of either party, order the same or any portion thereof to be sold."

■ The claimant asserts that the vessel is out of commission. This is inconsistent with his own acts in view of the fact that he obtained new enrollment documents on January 4, 1937, which are still outstanding. The vessel cannot be considered dismantled because the sails are stored underdeck. The claimant does not deny the employment of libelant, but asserts that his wages were not to be paid until the vessel went on a tour. Unless the vessel is repaired, there will be no vessel to tour with. Even if the agreement were as claimed by the claimant that the wages were not to be paid until the vessel went on a tour, that agreement would be void as the vessel might not go on a tour, or, if it did, it might not go on a tour for several years, and under the claimant's assertion the seaman would be required to wait for his wages. Wages cannot be made dependent upon freight. An agreement to that effect is void. Section 592 (46 U.S. C.A. § 592) provides as follows: "No right to wages shall be dependent on the earning of freight by the vessel."

Section 600 (46 U.S.C.A. § 600) provides as follows: "No seaman shall, by any agreement other than is provided by this chapter, forfeit his lien upon the ship, or be deprived of any remedy for the recovery of his wages to which he would otherwise have been entitled; and every stipulation in any agreement inconsistent with any provision of this chapter, and every stipulation by which any seaman consents to abandon his right to his wages in the case of the loss of the ship, or to abandon any right which he may have or obtain in the nature of salvage, shall be wholly inoperative."

■ A seaman's agreement postponing payment of wages is void. The Cypress, 6 Fed.Cas. 1104, No. 3530; McCarty v. Steam-Propeller City of New Bedford (D.C.) 4 F. 818; The City of Montgomery (D.C.) 210 F. 673.

Libelant is entitled to a decree for the amount which the claimant admits to be due the libelant. To this extent the libel may be severed. Libelant is entitled to an interlocutory decree for the balance of his claim.

Settle orders in accordance with this opinion.